**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TAYON WALKER, et al.** | **CIVIL ACTION** |
| **v.** | **NO. 20-1062** |
| **P/O MICHAEL BRODZINSKI, et al.** | |

<u>**MEMORANDUM AND ORDER RE DEFENDANTS' PARTIAL MOTION TO DISMISS**</u>

Defendants Borough of Sharon Hill and Police Officer Michael Brodzinski have partially moved to dismiss (ECF 16 "Defs. MTD.") Plaintiffs Tayon Walker and Malakhi Williams' First Amended Complaint (ECF 13 "Am. Compl.") which alleges claims pursuant to 42 U.S.C. 1983 based on a stop, arrest, and prosecution for possession of marijuana and drug paraphernalia.

**I.       Facts and Procedural History**

Plaintiffs Tayon Walker and Malakhi Williams were pulled over by Officer Michael Brodzinski on June 8, 2019.  (Am. Compl. ¶ 11a.)   In their Amended Complaint, Plaintiffs recite Officer Brodzinski's account of the events.  (Am. Compl. ¶ 11.)   Officer Brodzinski claimed that after conducting a traffic stop for a broken tail light, Plaintiffs drove away and led officers in a car chase.   (<u>Id.</u>)   After Plaintiffs crashed, they were arrested, and the car was searched.   (<u>Id.</u>) Officers stated that they found a small scale and "green vegetable matter residue" on the driver's side floor of the car.  (<u>Id.</u> ¶ 11g.)  At the police station, Officer Brodzinski claimed he found marijuana on both Plaintiffs.  (<u>Id.</u> ¶ 11h.)  Plaintiffs state that they did not possess any illegal drugs or paraphernalia, that they did not do anything illegal, and that Officer Brodzinski did not have probable cause to stop or arrest them.  (<u>Id.</u> ¶¶ 12, 13.)  Plaintiffs were charged with drug-related crimes, but all charges were eventually dismissed.  (<u>Id.</u> ¶¶ 18, 19.)

Plaintiffs filed a lawsuit against the Borough of Sharon Hill, Police Officer Michael

1

Brodzinski, and several unknown police officers.[1]   The operative complaint includes five counts, which refer to violations of the Fourth, Eighth, and Fourteenth Amendments, as well as related state law.   See Am. Compl.   Defendants filed the present Motion to Dismiss on June 22, 2020. See Defs. MTD.   Plaintiffs filed their opposition on August 27, 2020 (ECF 24 "Opp'n").

## II.    Parties' Arguments

Defendants argue that because Plaintiffs' case is based on a traffic stop and subsequent arrest and prosecution for drug crimes, they should be limited to asserting violations of the Fourth Amendment (and not violations of the Eighth or Fourteenth Amendments, or state law).   (Defs. MTD 10.)   Defendants also argue that the Borough should be dismissed completely from the case because Plaintiffs have not alleged sufficient facts to support liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).   (Defs. MTD 4-8.)   They argue that under Counts 1 and 3-5, Plaintiffs allege liability based on respondeat superior (Defs. MTD 4.), and under Count 2 they rely on "formulistic recitals" of a municipal liability claim with providing a factual basis (Defs. MTD 7).   They also argue that Plaintiffs are not entitled to punitive damages because punitive damages are not available from a municipal defendant, or a defendant in their official capacity, and Plaintiffs have not alleged a factual basis for punitive damages from the officers in their individual capacities.   (Defs. MTD 12)

In response, Plaintiffs state that they withdraw any claims pursuant to the Eighth or Fourteenth Amendments, and state law claims.   (Opp'n ¶¶ 4, 5.)   Plaintiffs clarify that the only count asserted against the Borough is Count 2 and argue that they have alleged a sufficient factual basis for liability under Monell in this Count.   (Opp'n ¶ 3.)   Plaintiffs also acknowledge that

---

[1] Plaintiffs originally sued the Borough of Darby as well, which was later dismissed by stipulation.

punitive damages are not available from the Borough or from the officers in their official capacity but argue that they have alleged a sufficient basis for punitive damages from Officer Brodzinski in his individual capacity.   (Opp'n ¶ 6.)

## III.   Counts 1 and 3-5

Count 1 of the Amended Complaint asserts a claim of malicious prosecution, Count 3 asserts claims of false arrest and false imprisonment, Count 4 asserts claims of assault and battery, and Count 5 asserts a claim of failure to intervene.   See Am. Compl.   These Counts include references to the Fourth, Eighth, and Fourteenth Amendments, as well as state law, and do not state against which Defendants they are asserted.   With respect to these Counts, the parties agree that all claims, except those pursuant to the Fourth Amendment, should be dismissed with prejudice.

## IV.   Count 2

Count 2 asserts a claim against the Borough of Sharon Hill for violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).   (Am. Compl. ¶¶ 41-46.)   Defendants argue that this Count should be dismissed with prejudice in its entirety, and the Borough of Sharon Hill should be dismissed as a party, because Plaintiffs have failed to state a claim.   (Defs. MTD 4-10.)   Plaintiffs' allegations in this Count include the following paragraph:

> 45. Persons in Plaintiffs position previous, to their respective arrests, made complaints regarding misconduct for Defendant Brodzinski and other law enforcement members conduct, related to improper car stops and other behavior in their official capacity as police officers.

(Am. Compl. ¶ 45.)   Plaintiffs argue this claim is based on the Borough's failure to supervise and properly train the police officers it employed, in particular Officer Brodzinski, and that it is

3

improper to dismiss this claim before discovery because they do not have access to Officer Brodzinski's disciplinary history.

"Internal civilian complaints can provide evidence of a pattern of potential constitutional violations and support an inference that a municipal decisionmaker had notice of such a pattern." Pharaoh v. Dewees, No. 14-3116, 2016 WL 2593842, at *5 (E.D. Pa. May 4, 2016) (DuBois, J.) (citing Beck v. City of Pittsburgh, 89 F.3d 966, 973 (1996)).   Viewing the facts in the light most favorable to Plaintiffs, if Officer Brodzinski's disciplinary record includes similar incidents which should have put the Borough on notice of repeated constitutional violations, Plaintiffs have alleged sufficient facts in their Amended Complaint on this issue.

**V.     Punitive Damages**

With respect to punitive damages, the Amended Complaint states that Defendant's actions were "so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building" (Am. Compl. ¶ 67.)   Plaintiffs have not previously alleged any facts regarding charging a phone and waiting in the hallway of a public building.

**AND NOW**, this 30th day of September, 2020, after careful consideration of Defendants P/O Michael Brodzinski and the Borough of Sharon Hill's Motion to Dismiss the Amended Complaint (ECF 16) and Plaintiffs Tayon Walker and Malakhi Williams' Response (ECF 24), it is hereby **ORDERED** as follows:

- Defendants' Motion to Dismiss is **GRANTED**, with prejudice, with respect to all claims under the Eighth and Fourteenth Amendments and claims under state law;

4

- Defendants' Motion to Dismiss is **DENIED** with respect to all Fourth Amendment claims;

- Plaintiffs' Assault and Battery claim in Count 4 is designated as a Fourth Amendment claim for excessive force;

- Plaintiffs' claims for punitive damages are dismissed to the extent that they seek punitive damages from the Borough of Sharon Hill or P/O Brodzinski in his official capacity; and

- Plaintiffs are ordered to amend their complaint only to provide an explanation of which counts are asserted against which Defendants, and to include allegations in support of punitive damages.

BY THE COURT:

s/ Michael M. Bylson

Dated:   10/6/2020

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-1062 Walker v Brodinski\20cv1062 Order re Motion to Dismiss 10062020.docx

5